## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| PLAINTIFF, | § § | |
| vs. | § § | CA No. 3:18-CV-2125-L |
| ALDEN SHORT, INC., AND HINSON JENNINGS, LLC, | § § § | |
| DEFENDANTS. | § § | |

---

### BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

---

### INTRODUCTION

The EEOC filed this lawsuit on behalf of three individuals, Claudia Guardiola, Linda Spears, and Leticia Stewart (collectively, "Claimants;" individually, "Guardiola," "Spears," and "Stewart"), and alleges that each was subjected to unlawful harassment based on national origin (Hispanic), in violation of TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 ("TITLE VII"), 42 U.S.C. §§ 2000-e, *et seq.* Adequate time for discovery has passed[1] and the EEOC has failed to produce sufficient evidence to raise a genuine issue of material fact regarding the third or fourth elements of a *prima facie* case of unlawful harassment regarding any of the three Claimants. Additionally, the EEOC has failed to establish that Alden Short, Inc., is a proper Defendant in the lawsuit.

---

[1] The discovery deadline was October 2, 2020. Docket No. 27, ¶ 5.

**1**

## OPERATIVE FACTS

### A. DEFENDANTS:

#### 1. Alden Short, Inc.

Alden Short is a Texas corporation formed in 1993, solely owned by Scott Belsley. App. Exs. 11 (p. 31) and 12 (p. 55).[2] It is a real estate property management company, primarily managing the rental of single family residences and apartments in the Dallas Metroplex area, which are owned by third party clients. App. Exs. 11 (p. 35) and 12 (p. 55).[3] The vast majority of tenants of the residential properties are Hispanic and other minorities. App. Ex. 12 (p. 55).

Alden Short's principal place of business, where bookkeeping (such as, *e.g.*, collecting and posting rent payments, paying property taxes, protesting tax assessments, banking, *etc.*) and other office functions are performed, is located at 1521 Glenville, Richardson, Texas. App. Exs. 11 (pp. 42-46) and 12 (p. 55). *Id.* It also maintains an operations center in a warehouse facility at 8240 Moberly Lane, in far southeast Dallas. *Id.* Property maintenance and construction crews are managed and operate from that facility. *Id.*

---

[2] Unless otherwise indicated, references to exhibits are to exhibits contained in the *Appendix* being concurrently submitted in support of Defendants' motion, followed by the *Appendix* page number in parentheses.

[3] Alden Short also manages a few commercial properties. App. Ex. 12 (p. 55).

**2**



Until December 31, 2015, Alden Short maintained its own employee staff. *Id.* (p. 56). However, since January 1, 2016, it has had *no* employees. App. Exs. 11 (pp. 33-34) and 12 (p. 56). Rather, in 2016 it began outsourcing its office functions, leasing employees from Hinson Jennings, LLC, an employment agency, discussed below. *Id.*

### 2. Hinson Jennings, LLC:

Hinson Jennings is a Texas limited liability company, formed in 2013. App. Exs. 11 (p. 31) and 12 (p. 56). It is owned by BSB Appreciation Trust. App. Exs. 11 (pp. 41-42) and 12 (p. 56). Its manager is Scott Belsley. *Id.* Hinson Jennings' principal place of business is located at 1924 Drew Lane, Richardson, Texas. App. Exs. 11 (p. 43) and 12 (p. 56).

Hinson Jennings is an employment agency. App. Ex. 12 (p. 56). It has its own employer and Texas Workforce identification numbers and is responsible for paying its employees and for all payroll, unemployment and other taxes, insurance and employee benefits. *Id.*[5] Its employees perform services for other

---

[4] The Court can take judicial notice of these locations.

[5] The company outsources these payroll functions to an independent payroll processing company, Paychex®, https://www.paychex.com/corporate. App. Ex. 12 (p. 56).

companies and, since January 1, 2016, its employees have performed bookkeeping, accounting work and office functions for Alden Short. *Id.*

In turn, in 2016 Hinson Jennings itself sometimes utilized the services of Infinity Consulting Solutions, Inc. ("ICS"), another staffing agency,[6] to meet some of Hinson Jennings' staffing needs for temporary personnel. *Id.* (pp. 56-57). Individuals placed with Hinson Jennings on a temporary basis remained ICS employees, with ICS responsible for paying its employees and for all payroll, unemployment and other taxes, insurance and employee benefits. *Id.*

**B. CLAIMANTS:**

### 1. *Guardiola:*

Beginning in August 2016, ICS placed one of its employees, Guardiola, with Hinson Jennings to perform financial accounting services. *Id.* After working in the Richardson office on Glenville for nearly two months, on October 10, 2016, Guardiola accepted employment as a Hinson Jennings' employee in the position of Controller. App. Exs. 1, 3, 5, and 12 (p. 57). She voluntarily quit, effective November 23, 2016. *Id.* The EEOC admits Guardiola was not constructively discharged, *i.e.*, that she voluntarily quit. App. Ex. 8.

### 2. *Stewart:*

For more than a month, from September 19, 2016, until October 24, 2016, as an employee of ICS, Stewart worked for Hinson Jennings performing bookkeeping work at the Richardson office on Glenville under Guardiola's supervision. App. Ex. 12 (p. 57). Effective October 24, 2016, Stewart accepted employment as a Hinson Jennings' employee, working as a Mortgage Administrator. App. Exs. 2, 4, 7, and 12 (p. 57). Five weeks later, on

---

[6] https://www.infinity-cs.com/

December 2, 2016, she voluntarily quit. *Id.* The EEOC admits Stewart was not constructively discharged, *i.e.*, that she voluntarily quit. App. Ex. 10.

### 3. *Spears:*

Spears was originally hired as an Alden Short employee, an accounting clerk, in June 2014. App. Ex. 12 (pp. 57-58). She ceased to be employed by Alden Short at the end of 2015. *Id.* Beginning in 2016—after working in the Richardson office on Glenville for more than a year and a half—she accepted employment as a Hinson Jennings' employee, a bookkeeper performing cash management duties and working at the same location. App. Exs. 4, 6, and 12 (pp. 57-58). Spears voluntarily quit her job at the end of December 2016. *Id.* The EEOC admits Spears was not constructively discharged, *i.e.*, that she voluntarily quit. App. Ex. 9.

### SUMMARY JUDGMENT STANDARDS

A party is entitled to summary judgment on all or any part of a claim regarding which (1) there is no genuine issue of material fact and (2) the moving party is entitled to judgment as a matter of law. *E.g.*, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Fed. R. Civ. P.* 56(c). The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson,* 477 U.S. at 256.

If the burden of proof at trial lies with the non-moving party, the movant may either (1) submit summary judgment evidence which conclusively negates the existence of at least one material element of the opponent's claim or defense, or (2) after adequate time for discovery has passed, identify at least one essential element of the non-movant's claim for which the non-movant has

presented insufficient evidence to raise a genuine issue of material fact. *E.g.*, *Celotex*, 477 U.S. at 330. Once the moving party has identified the challenged elements of the non-movant's claims, the burden shifts to the nonmoving party to establish the existence of a genuine issue for trial. *E.g.*, *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 585-587 (1986). A fact is not "material" unless its resolution in favor of one party might affect the outcome of the suit under governing law, and a dispute regarding a material fact is not "genuine" unless the evidence is sufficient for a reasonable jury to return a verdict in favor of the non-moving party. *Anderson*, 477 U.S. at 248. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial" and summary judgment is mandatory unless the non-movant makes a sufficient showing on each challenged element. *Celotex*, 477 U.S. at 322-25.

## ARGUMENT

### I.

**ADEQUATE TIME FOR DISCOVERY HAD PASSED, AND THE COMMISSION HAS FAILED AS A MATTER OF LAW TO PRODUCE SUFFICIENT EVIDENCE TO RAISE A GENUINE ISSUE OF MATERIAL FACT REGARDING THE THIRD OR FOURTH ELEMENTS OF A *PRIMA FACIE* CASE OF UNLAWFUL NATIONAL ORIGIN HARASSMENT CONCERNING ANY OF THE THREE CLAIMANTS.**

The only claims asserted in this case are individualized hostile work environment claims on the basis of national origin, made on behalf of each of the three Claimants. To establish a claim for a hostile work environment, the EEOC must show, individually as to each Claimant (1) the Claimant belongs to a protected group; (2) was subject to unwelcome harassment; (3) the harassment complained of was based on national origin; and (4) the harassment was sufficiently severe or pervasive to alter the terms and

conditions of employment. *E.g.*, *Williams–Boldwar v. Denton Cnty., Tex.*, 741 F.3d 635, 640 (5th Cir. 2014); *Ikekwere v. Mnuchin*, 2017 WL 4479614, at 8 (W.D. Tex. May 15, 2017), *aff'd sub nom. Ikekwere v. Dep't of the Treasury*, 722 Fed. App'x. 388 (5th Cir. 2018).

Regarding the third element, merely allegedly treating an employee poorly does not give rise to liability under TITLE VII, only doing so on the basis of a prohibited factor does. *E.g.*, *Nadeau v. Echostar*, 2013 WL 5874279, at 34 (W.D. Tex. Oct. 30, 2013).

Regarding the fourth element, not all "harassment" is unlawful. *Shepherd v. Comptr. Pub. Accounts*, 168 F.3d 871, 874 (5th Cir. 1999). *See Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998) (TITLE VII is not "a general civility code for the American workplace"); *Faragher v. City of Boca Raton*, 524 U.S. 775, 778 (1998) ("[d]iscourtesy or rudeness should not be confused with actionable . . . harassment" because TITLE VII does not provide any cause of action for "the ordinary tribulations of the workplace, such as the sporadic use of abusive language"). Whether a work environment is sufficiently hostile to alter the terms and conditions of employment and, thus, be actionable is considered under the totality of the circumstances, including, *e.g.*, the frequency of the conduct; its severity, whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employer's work performance. *See Faragher*, 524 U.S. at 781. "Incidents of environmental [ ] harassment 'must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive.'" *Faragher*, 524 U.S. at 787, *citing Carrero v. N.Y. City Housing Auth.*, 890 F.2d 569, 577 (2d Cir. 1989). "[I]solated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'" *Id.* at 788 (citation omitted). "Title VII was only meant to bar

**7**

conduct that is so severe and pervasive that it destroys a protected classmember's opportunity to succeed in the workplace." *Weller v. Citation Oil & Gas Corp.*, 84 F.3d 191, 194 (5th Cir. 1996), *cert. denied*, 519 U.S. 1055 (1997). "We have made it clear that conduct must be extreme to amount to a change in the terms and conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. at 788.

Adequate time for discovery has passed and the EEOC has failed to produce sufficient evidence to raise a genuine issue of material fact concerning the third or fourth elements of a *prima facie* case regarding any of the three Claimants.

## II.

**ADEQUATE TIME FOR DISCOVERY HAS PASSED AND THE COMMISSION HAS FAILED TO PRODUCE SUFFICIENT EVIDENCE TO CREATE A GENUINE ISSUE OF MATERIAL FACT EITHER THAT (1) ALDEN SHORT IS AN "EMPLOYER" WITHIN THE MEANING OF TITLE VII; OR (2) THAT AN EMPLOYER-EMPLOYEE RELATIONSHIP EXISTED BETWEEN ALDEN SHORT AND ANY OF THE THREE CLAIMANTS.**

To establish liability against Alden Short under TITLE VII, the EEOC bears the burden of establishing that an employer-employee relationship exists between Alden Short and the Claimants. *E.g.*, *Obinyan v. Prime Therapeutics LLC*, 2019 WL 5647955, at 3 (N.D. Tex. Oct. 31, 2019). This is a two-fold requirement. First, the Commission must establish that Alden Short is an "employer" within the meaning of TITLE VII, *i.e.*, that it had 15 or more employees in each working day in 20 or more calendar weeks in the current or preceding year, 42 U.S.C. § 2000e(b).[7] Second, it must establish an employer-

---

[7] '[T]he 'current or preceding calendar year' means the year in which the alleged discrimination occurred, and the prior year." *Haley v. Lone Star Web,*

*Footnote continued on next page . . .*

employee relationship between Alden Short and each of the Claimants. *Obinyan, supra* (citing *Deal v. State Farm Cnty. Mut. Ins. of Tex.*, 5 F.3d 117, 118 (5th Cir. 1993)). Generally, an employer-employee relationship exists when a plaintiff appears on the employer's payroll. *See Walters v. Metro. Educ. Enters., Inc.*, 519 U.S. 202, 206 (1997). The summary judgment evidence plainly establishes that no employer-employee relationship existed in 2016 between Alden Short and any of the three Claimants under "the payroll method" analysis. App. Exs. 1-7, 12.

To attempt to impose liability on Alden Short, the EEOC has alternatively alleged Alden Short and Hinson Jennings were a "single employer." Docket No. 1, ¶ 4. Whether two separate entities constitute a single enterprise for purposes of TITLE VII depends on the extent to which, if at all, there exists (1) an interrelation of operations; (2) centralized control of labor relations; (3) common management; or (4) common ownership or financial control. *See, e.g., Schweitzer v. Advanced Telemarketing Corp.*, 104 F.3d 761, 764 (5th Cir. 1997); *Trevino v. Celanese Corp.*, 701 F.2d 397, 403-04 (5th Cir. 1983). The second factor is the most significant. *E.g., Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 344 (5th Cir. 2007) ("We place 'highest importance on the second factor, rephrasing and specifying it so as to boil down to an inquiry of 'what entity made the final decisions regarding employment matters related to the person claiming discrimination.'" [citations omitted]); *Lusk v. Foxmeyer Health Corp.*, 129 F.3d 773, 777 (5th Cir. 1997) ("This analysis ultimately focuses on the question whether the parent corporation was a final decision-

---

*. . . footnote continued from previous page.*

*Inc.*, 1987 WL 42439, at 3 (N.D. Tex. Nov. 25, 1987), *aff'd*, 857 F.2d 789 (5th Cir. 1988).

maker in connection with the employment matters underlying the litigation."). The doctrine of limited liability creates a strong presumption that separate corporations are *not* the employer of one another's employees. *See, e.g., Tipton v. Northrup Grumman Corp.*, 242 Fed. Appx. 187, 190 (5th Cir. 2007) (parent and subsidiary were not integrated entities; summary judgment for defendant, affirmed); *Vance v. Union Planters Corp.*, 279 F.3d 295, 300 n. 4 (5th Cir. 2002) (district court erred in concluding parent and subsidiary were integrated enterprise); *Lusk v. Foxmeyer Health Corp.*, 129 F.3d at 778 (doctrine of limited liability creates strong presumption against integrated enterprise).

Adequate time for discovery has passed and the Commission has failed to produce sufficient evidence to create a genuine issue of material fact either that (1) Alden Short is an "employer" within the meaning of TITLE VII; or (2) to overcome the presumption of limited liability and establish that an employer-employee relationship existed between Alden Short and any of the three Claimants.

## CONCLUSIONS AND REQUESTED RELIEF

For all of the foregoing reasons, Defendants' motion for summary judgment, should be, in all things, **GRANTED**.

Respectfully submitted,

*/s/ John L. Ross*

**JOHN L. ROSS**[8]
Texas State Bar No. 17303020

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 North Pearl Street, Suite 2500
Dallas, Texas 75201

---

[8] Board Certified in Labor & Employment Law and Civil Trial Law by the Texas Board of Legal Specialization.

Telephone:  (214) 871-8206
Facsimile:  (214) 871-8209
Email: jross@thompsoncoe.com

**RICHARD B. SCHIRO**
Texas Bar No. 17750600
**GREG E. BUTTS**
Texas Bar No. 00790409

**LAW OFFICES OF RICHARD B. SCHIRO**
2706 Fairmount Street
Dallas, Texas 75201
Telephone:  (214) 521-4994
Facsimile:  (214) 521-3838
Email:       rbschiro@schirolaw.com
Email:       gebutts@schirolaw.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

Pursuant to *Fed. R. Civ. P.* 5(b)(2)(E) and 5(b)(3), I hereby certify a true and correct copy of the foregoing document was filed electronically and notice of the filing was thereby given to Plaintiff's counsel on the date file-stamped by the Clerk. Parties may access this filing through the court's electronic filing system.

*/s/ John L. Ross*
**JOHN L. ROSS**

11