# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| PLAINTIFF, | § § | |
| VS. | § § | CA NO. 3:18-CV-2125-L |
| ALDEN SHORT, INC., AND HINSON JENNINGS, LLC, | § § § | |
| DEFENDANTS. | § § | |

## REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Respectfully submitted,

**JOHN L. ROSS**[1]
Texas State Bar No. 17303020
**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 North Pearl Street
Suite 2500
Dallas, Texas 75201
Telephone:  (214) 871-8206
Facsimile:  (214) 871-8209
Email: jross@thompsoncoe.com

**RICHARD B. SCHIRO**
Texas Bar No. 17750600
**GREG BUTTS**
Texas Bar No. 00790409
**LAW OFFICES OF RICHARD B. SCHIRO**
2706 Fairmount Street
Dallas, Texas 75201
Telephone:  (214) 521-4994
Facsimile:  (214) 521-3838
Email:      rbschiro@schirolaw.com
Email:      gebutts@schirolaw.com

### ATTORNEYS FOR DEFENDANTS

---

[1] Board Certified in Labor & Employment Law and Civil Trial Law by the Texas Board of Legal Specialization. Former Regional Attorney, EEOC Dallas District Office.

TABLE OF CONTENTS

PAGE

INDEX OF AUTHORITIES ................................................................ iii

ARGUMENT ..................................................................................... 1

I.

THE EEOC'S SUMMARY JUDGMENT *RESPONSE* AND *BRIEF* ARTICULATE AN ERRONEOUS SUMMARY JUDGMENT STANDARD AND, INDEED, STAND THE SUPREME COURT'S SUMMARY JUDGMENT TRILOGY ON ITS HEAD. ........................................ 1

II.

THE SOLE CLAIM MADE BY THE EEOC IN THIS CASE IS UNLAWFUL HARASSMENT ON THE BASIS OF NATIONAL ORIGIN. UNDER APPLICABLE LAW AND THE PROPER SCOPE OF REVIEW, AS A MATTER OF LAW THE EEOC HAS FAILED TO PRODUCE SUFFICIENT ADMISSIBLE SUMMARY JUDGMENT EVIDENCE TO RAISE A GENUINE ISSUE OF MATERIAL FACT REGARDING THE THIRD OR FOURTH ELEMENTS OF A *PRIMA FACIE* CASE REGARDING ANY OF THE THREE CLAIMANTS. ................................. 5

A. APPLICABLE LAW—UNLAWFUL HARASSMENT ........................... 5

    1. Third Element—Harassment <u>On the Basis of National Origin</u> ... 5

    2. Fourth Element—"Title VII is not a general civility code" ........ 6

B. APPLICABLE LAW—INDIVIDUALIZED ASSESSMENTS ARE REQUIRED ........ 8

C. APPLICABLE LAW—THE PROPER SCOPE OF REVIEW ................... 9

    1. Review Limited to Specifically Cited and Admissible Evidence .. 9

    2. The EEOC's Inadmissible "Evidence" Must be Disregarded ... 10

D. AS A MATTER OF LAW, THE EEOC HAS FAILED TO ESTABLISH THE THIRD OR FOURTH ELEMENT OF A *PRIMA FACIE* CASE REGARDING ANY CLAIMANT ........ 18

    1. Stewart ................................................................. 18

    2. Spears .................................................................. 20

PAGE

    3. Guardiola                                     22

III.

THE EEOC HAS FAILED TO OFFER ANY EVIDENCE THAT ALDEN
SHORT IS AN "EMPLOYER," WITHIN THE MEANING OF TITLE VII,
*I.E.*, THAT IT HAD 15 OR MORE EMPLOYEES IN EACH WORKING
DAY IN 20 OR MORE CALENDAR WEEKS IN THE "CURRENT OR
PRECEDING YEAR," EITHER IN ITS OWN RIGHT, OR AS A "JOINT
EMPLOYER."             24

CONCLUSIONS AND REQUESTED RELIEF         25

INDEX OF AUTHORITIES

PAGE(S)

CASES:

*Adler v. Wal-Mart Stores, Inc.*,
   144 F.3d 664 (10th Cir. 1998)                                        4

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986)                                                  1, 4, 11

*Arkansas v. Wilmington Tr. Nat'l Ass'n*,
   2020 WL 6504568 (N.D. Tex. Nov. 5, 2020) (Lindsay, J.)               9

*Aryain v. Wal-Mart Stores Tex. LP*,
   534 F.3d 473 (5th Cir. 2008)                                         7

*Burns v. Nielsen*,
   456 F.Supp.3d 807 (W.D. Tex. 2020)                                   15

*Bustos v. Lloyds*,
   2020 WL 5745823 (S.D. Tex. July 13, 2020)                            2

*Calbillo v. Cavender Oldsmobile, Inc.*,
   288 F.3d 721 (5th Cir. 2002)                                         10

*Carrero v. N.Y. City Housing Auth.*,
   890 F.2d 569 (2d Cir. 1989)                                          7

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986)                                                  1-4, 24-25

*Chaney v. Dreyfus Serv. Corp.*,
   595 F.3d 219 (5th Cir. 2010)                                         10

*Clark v. Charter Communications, L.L.C.*,
   775 Fed. App'x. 764 (5th Cir. 2019)                                  8

*Credeur v. La. Office of Att'y Gen.*,
   860 F.3d 785 (5th Cir. 2017)                                         14

*Davis v. Wal-Mart Stores, Inc.*,
   2007 WL 836860 (N.D. Tex. Mar. 19, 2007) (Lindsay, J.)               19, 21

PAGE(S)

*Deal v. State Farm Cnty. Mut. Ins. of Tex.*,
    5 F.3d 117 (5th Cir. 1993)                                      24

*Donaghey v. Ocean Drilling & Expl. Co.*,
    974 F.2d 646 (5th Cir. 1992)                                    10

*Duhe v. USPS*,
    2004 WL 439890 (E.D. La. Mar. 9, 2004)                          13-14

*EEOC v. Air Liquide USA LLC*,
    692 F.Supp.2d 658 (S.D. Tex. 2010)                              10

*EEOC v. GLC Restaurants, Inc.*,
    2006 WL 3052224 (D. Ariz. Oct. 26, 2006)                        8

*EEOC v. Glob. Horizons, Inc.*,
    23 F.Supp.3d 1301 (E.D. Wash. 2014),
    *rev'd and remanded*, 915 F.3d 631 (9th Cir. 2019)              8

*EEOC v. Love's Travel Stops & Country Stores, Inc.*,
    677 F.Supp.2d 1176 (D. Ariz. 2009)                              8

*EEOC v. Swissport Fueling, Inc.*,
    916 F.Supp.2d 1005 (D. Ariz. 2013)                              8

*Ellis v. Principi*,
    246 Fed. App'x. 867 (5th Cir. 2007)                             13

*Empl'r Sols. Staffing Group II, LLC v. Off. of Chief Admin. Officer*,
    833 F.3d 480 (5th Cir. 2016)                                    15

*Faragher v. City of Boca Raton*,                                   7, 8, 16,
    524 U.S. 775 (1998)                                             19, 21, 23

*Farpella–Crosby v. Horizon Health Care*,
    97 F.3d 803 (5th Cir. 1996)                                     5, 13, 14

*Frank v. Xerox Corp.*,
    347 F.3d 130 (5th Cir. 2003)                                    7

*Gibson v. Verizon Servs. Org., Inc.*,
    498 Fed. App'x. 391 (5th Cir. 2012)                             13, 15-16

iv

PAGE(S)

*GLF Const. Corp. v. LAN/STV,*
    2004 WL 769260 (N.D. Tex. March 8, 2004)                9

*Gowesky v. Singing River Hosp. Sys.,*
    321 F.3d 503 (5th Cir. 2003)                            8, 21, 23

*Grant v. Harris County,*
    794 Fed. App'x. 352 (5th Cir. 2019)                     14

*Harris v. Dallas County Hosp. Dist.,*
    2016 WL 2914847 (N.D. Tex. May 19, 2016)                6, 14

*Harris v. Forklift Sys., Inc.,*
    510 U.S. 17 (1993)                                      7

*Hiner v. McHugh,*
    546 Fed. App'x 401 (5th Cir. 2013)                      6

*Holmes v. N. Tex. Health Care Laundry Coop. Ass'n,*       8, 19,
    304 F.Supp.3d 525 (N.D. Tex. 2018) (Lindsay, J.)        21, 23

*Hutchings v. Potter,*
    2007 WL 994527 (W.D. Tex. Mar. 28, 2007)                12

*Hutton Commc'ns, Inc. v. Commc'n Infrastructure Corp.,*
    461 F. Supp. 3d 400 (N.D. Tex. 2020)                    10

*Ikekwere v. Mnuchin,*
    2017 WL 4479614 (W.D. Tex. May 15, 2017),
    *aff'd,* 722 Fed. App'x. 388 (5th Cir. 2018)            5

*Johnson v. Macerich S. Plains, LP,*
    2015 WL 11027606 (N.D. Tex. May 26, 2015)               9

*Johnson v. Mayhill Behavioral Health, LLC,*
    2016 WL 4196648 (E.D. Tex. Aug. 9, 2016)                11

*Jones v. Dallas Cnty.,*
    47 F.Supp.3d 469 (N.D. Tex. 2014)                       5

*Kinetic Concepts, Inc. v. Bluesky Med. Corp.,*
    2005 WL 3077155 (W.D. Tex. Nov. 1, 2005)                2

PAGE(S)

*Little v. Liquid Air Corp.*,
    37 F.3d 1069, 1076 (5th Cir. 1994)                                    3

*M.J. v. Marion ISD*,
    2013 WL 1882330 (W.D. Tex. May 3, 2013)                          6

*Malacara v. Garber*,
    353 F.3d 393 (5th Cir. 2003)                                          10

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986)                                               1, 3, 4

*Moore v. USG Corp.*,
    2011 WL 4386246 (N.D. Miss. Sept. 20, 2011)                      6

*Moyer v. Jos. A. Bank Clothiers, Inc.*,
    2013 WL 4434901 (N.D. Tex. Aug. 19, 2013) (Lindsay, J.),
    *aff'd*, 601 Fed. App'x 247 (5th Cir. 2015)                    19, 21, 23

*Nadeau v. Echostar*,
    2013 WL 5874279 (W.D. Tex. Oct. 30, 2013)                         6

*Obinyan v. Prime Therapeutics LLC*,
    2019 WL 5647955 (N.D. Tex. Oct. 31, 2019)                        24

*Oncale v. Sundowner Offshore Servs., Inc.*,
    523 U.S. 75 (1998)                                                 6

*Perkins v. County of Milwaukee*,
    2018 WL 6250611 (E.D. Wis. Nov. 29, 2018)                         9

*Philadelphia Indem. Ins. Co. v. Creative Young Minds, Ltd.*,
    679 F.Supp.2d 739 (N.D. Tex. Dec. 29, 2009) (Lindsay, J.)        9

*Ragas v. Tennessee Gas Pipeline Co.*,
    136 F.3d 455 (5th Cir. 1998)                                       9

*Ramirez v. GEO Group, Inc.*,
    655 F.Supp.2d 1170 (D. Colo. 2009                                16, 17

*Rocha Vigil v. City of Los Cruces*,
    119 F.3d 871 (10th Cir. 1997)                                     22

vi

PAGE(S)

*Shaw v. Broadcast.com, Inc.,*
    2005 WL 2095770 (N.D. Tex. Aug. 30, 2005)                                    3

*Shepherd v. Comptr. Pub. Accounts,*
    168 F.3d 871 (5th Cir. 1999)                                                 6

*Shobney v. Sessions,*
    2018 WL 1915490 (W.D. Tex. Apr. 23, 2018)                                   13

*Sparks v. Alrod Enters.,*
    2003 WL 21246141 (N.D. Tex. Apr. 28, 2003) (Lindsay, J.)          19, 21, 23

*StoneCoat of Tex., LLC v. ProCal Stone Design, LLC,*
    2019 WL 3943870 (E.D. Tex. July 25, 2019), *rep. and*
    *recomm. adopted,* 2019 WL 3934776 (E.D. Tex. Aug. 20, 2019)                 2

*Tucker v. SAS Institute, Inc.,*
    462 F.Supp.2d 715 (N.D. Tex. 2006)                                          10

*U.S. v. Dunkel,*
    927 F.2d 955 (7th Cir. 1991)                                                 9

*United States v. $92,203.00 in U.S. Currency,*
    537 F.3d 504 (5th Cir. 2008)                                                10

*Weller v. Citation Oil & Gas Corp.,*
    84 F.3d 191 (5th Cir. 1996),
    *cert. denied,* 519 U.S. 1055 (1997)                                        7-8

*Williams v. Valenti,*
    2011 WL 2650883 (5th Cir. July 7, 2011)                                     10

*Williams v. W.D. Sports, N.M., Inc.,*
    497 F.3d 1079 (10th Cir. 2007)                                            16-17

*Williams–Boldwar v. Denton Cnty., Tex.,*
    741 F.3d 635 (5th Cir. 2014)                                                 5

*Wooten v. Fed. Exp. Corp.,*
    2007 WL 63609 (N.D. Tex. Jan. 9, 2007)                                      12

vii

PAGE(S)

OTHER AUTHORITIES:

8 C.F.R. § 274a.2(b)(1)(v)                                    15

42 U.S.C. § 2000e(b)                                         24

*Fed. R. Civ. P.* 56(c)(2)                                   11

*Fed. R. Evid.* 401                                          10

*N.D. Local Rule* 56.5(c)                                    9-10

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT | § | |
| OPPORTUNITY COMMISSION, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CA NO. 3:18-CV-2125-L |
| | § | |
| ALDEN SHORT, INC., AND | § | |
| HINSON JENNINGS, LLC, | § | |
| | § | |
| DEFENDANTS. | § | |

## REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

## ARGUMENT

### I.

### THE EEOC'S SUMMARY JUDGMENT *RESPONSE* AND *BRIEF* ARTICULATE AN ERRONEOUS SUMMARY JUDGMENT STANDARD AND, INDEED, STAND THE SUPREME COURT'S SUMMARY JUDGMENT TRILOGY[2] ON ITS HEAD.

The EEOC's *Response* (ECF 32) and *Brief* (ECF 33) are replete with assertions that the motion for summary judgment should be denied because— according to the EEOC—Defendants have "failed to meet their *burden* to *prove*" the absence of actionable national origin harassment and to affirmatively "*prove*" Defendants are not joint employers. ECF 32;[3] ECF 33.[4] The EEOC's

---

[2] *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).

[3] *E.g.* (emphasis added): "Defendants have failed to meet their *burden* to *prove* they are entitled to summary judgment as a matter of law on the issue of

***Footnote continued on next page . . .***

1

*Response* and *Brief* affirmatively misrepresent both (1) the grounds on which summary judgment is sought; and (2) the summary judgment standards applicable to those grounds.

A defendant may properly seek summary judgment *either* by: (1) *conclusively establishing* all elements of an affirmative defense;[5] (2) *conclusively negating* at least one essential element of a plaintiff's *prima facie* case;[6] ***or*** (3) after adequate time for discovery has passed, *identifying* one or more elements of the plaintiff's *prima facie* case for which the plaintiff has failed to produce sufficient admissible summary judgment evidence to create a genuine issue of fact for trial.[7] In the third circumstance, *i.e.*, a "no evidence" motion, the defendant has no *burden* whatsoever at the summary judgment

---

***. . . footnote continued from previous page:***

whether Alden Short is an employer[.]" "Defendants have failed to meet their *burden* to *prove* they are entitled to summary judgment as a matter of law on the EEOC's [unlawful harassment claims]."

   4  *E.g.* [p. 21 (emphasis added)]: "Defendants have failed to meet their summary judgment *burden* to *prove* that *Alden Short is not an employer* under Title VII." "Defendants have failed to meet their summary judgment *burden* on this issue." [p. 28] "Defendant [*sic*] has failed to meet its [*sic*] *burden* to *prove* that it [*sic*] is entitled to summary judgment on EEOC's claims of national origin harassment under Title VII." [p. 29] "Defendant [*sic*], however, claims it [*sic*] has met its [*sic*] *burden* to *prove* that it [*sic*] is entitled to summary judgment on the third and fourth prong of the test[.]"

   5  *See, e.g.*, *Bustos v. Lloyds*, 2020 WL 5745823, at 1 (S.D. Tex. July 13, 2020) (statute of limitations); *StoneCoat of Tex., LLC v. ProCal Stone Design, LLC*, 2019 WL 3943870, at 31 (E.D. Tex. July 25, 2019) (*res judicata*), *rep. and recomm. adopted*, 2019 WL 3934776 (E.D. Tex. Aug. 20, 2019).

   6  *See, e.g.*, *Kinetic Concepts, Inc. v. Bluesky Med. Corp.*, 2005 WL 3077155, at 1 (W.D. Tex. Nov. 1, 2005) (where the defendants contested the existence of a conspiracy as a matter of law, "As the movants . . . Defendants have the initial burden of producing summary judgment evidence that conclusively negates at least one element of a conspiracy cause of action.").

   7  *E.g.*, *Celotex*, 477 U.S. at 330.

2

stage to *prove* anything. The defendant's only "burden" is to *identify* the elements of the plaintiff's *prima facie* case for which there is insufficient evidence. Once the defendant does so, *it is the plaintiff's burden* to come forward with sufficient admissible summary judgment evidence to establish a genuine issue of material fact on *each* challenged element of the *prima facie* case. *E.g.*, *Celotex,* 477 U.S. at 322 "*If the nonmoving party fails* to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted." *Id.* (emphasis added); *Matsushita*, 475 U.S. at 585-587.

Defendants' motion is of the third variety, *i.e.*, a "no evidence" motion.[8] Accordingly, contrary to the EEOC's erroneous regurgitations, Defendants have <u>no</u> *burden* to *prove* anything. *E.g.*, *Shaw v. Broadcast.com, Inc.*, 2005 WL 2095770, at 5 (N.D. Tex. Aug. 30, 2005) (Solis, J.; "[T]he Fifth Circuit made it clear the party moving for summary judgment is not required to '*negate* the elements of the nonmovant's case,' but may 'satisfy [its] burden under *Celotex*' by 'assert[ing the] absence of facts supporting the elements of the plaintiffs' theory of recovery.'" (emphasis original; quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 n. 16 (5th Cir. 1994)).

In addition to affirmatively misrepresenting the *grounds* on which summary judgment is sought, the EEOC's *Brief* also affirmatively misrepresents the *law*

---

[8] The EEOC's *Brief* affirmatively misrepresents the grounds on which summary judgment is being sought. *Compare* the EEOC's *Brief* (ECF 33, p. 29 (emphasis added)): "Defendant [*sic*] . . . claims it [*sic*] has met *its [sic] burden to prove* that it [*sic*] is entitled to summary judgment on the third and fourth prong of [the *prima facie* case of unlawful harassment]"), *with* Defendants' motion (ECF 28: "Adequate time for discovery has passed and *the EEOC has failed to produce* evidence sufficient to raise a genuine issue of material fact regarding the third or fourth elements of a *prima facie* case of unlawful, hostile environment harassment on the basis of national origin.").

3

applicable to those grounds. Citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998), the EEOC claims "[t]he burden is on the Defendant to prove there are no controverted facts." ECF 33, pp. 6-7. There is no such holding in *Adler*. In fact, consistent with the foregoing cases, *Adler* expressly states, *id.*, at 670-671 (emphasis added):

> [A] movant that will not bear the burden of persuasion at trial *need not negate the nonmovant's claim*. *See* [*Celotex*, 477 U.S.] at 325, 106 S.Ct. 2548. Such a movant may make its prima facie demonstration *simply by pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim. See id.*

Once, as here, the moving party has identified the challenged elements of the nonmovant's claim, the burden shifts to the nonmoving party to establish the existence of a genuine issue for trial. *E.g.*, *Matsushita*, 475 U.S. at 585-587. A fact is not "material" unless its resolution in favor of one party might affect the outcome of the suit under governing law, and a dispute regarding a material fact is not "genuine" unless the evidence is sufficient for a reasonable jury to return a verdict in favor of the nonmoving party. *Anderson*, 477 U.S. at 248. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial" and summary judgment is mandatory unless *the nonmovant* makes a sufficient showing on each challenged element. *Celotex*, 477 U.S. at 322-25.

Defendants' no-evidence motion expressly, specifically identifies the elements of the EEOC's claims for which the EEOC has failed to produce sufficient evidence and—contrary to the EEOC's assertions—Defendants have no "burden" to "prove" anything at the summary judgment stage.

4

**II.**

**THE SOLE CLAIM MADE BY THE EEOC IN THIS CASE IS UNLAWFUL HARASSMENT ON THE BASIS OF NATIONAL ORIGIN. UNDER APPLICABLE LAW AND THE PROPER SCOPE OF REVIEW, AS A MATTER OF LAW THE EEOC HAS FAILED TO PRODUCE SUFFICIENT ADMISSIBLE SUMMARY JUDGMENT EVIDENCE TO RAISE A GENUINE ISSUE OF MATERIAL FACT REGARDING THE THIRD OR FOURTH ELEMENTS OF A *PRIMA FACIE* CASE REGARDING ANY OF THE THREE CLAIMANTS.**

**A. APPLICABLE LAW—UNLAWFUL HARASSMENT:**

To make out a *prima facie* case for any of the three Claimants, the EEOC must show, individually as to that Claimant (1) the Claimant belongs to a protected group; (2) was subject to unwelcome harassment; (3) the harassment complained of was based on national origin; and (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment. *E.g.*, *Williams–Boldwar v. Denton Cnty., Tex.*, 741 F.3d 635, 640 (5th Cir. 2014); *Ikekwere v. Mnuchin*, 2017 WL 4479614, at 8 (W.D. Tex. May 15, 2017), *aff'd sub nom. Ikekwere v. Dep't of the Treasury*, 722 Fed. App'x. 388 (5th Cir. 2018). Defendants are entitled to summary judgment because adequate time for discovery has passed and *the EEOC has failed to produce* sufficient evidence to raise a genuine issue of material fact regarding the third or fourth elements concerning any of the three Claimants.

### *1. Third Element—Harassment <u>On the Basis of National Origin</u>:*

"Title VII does not protect employees from hostile conduct that is not based on their protected status." *Farpella–Crosby v. Horizon Health Care,* 97 F.3d 803, 806 n. 2 (5th Cir. 1996). A plaintiff "must demonstrate a connection between the allegedly harassing incidents and their protected status." *Jones v. Dallas Cnty.*, 47 F.Supp.3d 469, 483 (N.D. Tex. 2014) (Fitzwater, J.). "The record must demonstrate that the abuse was motivated by the plaintiff's

5

[protected category] rather than by a personal dislike, grudge, or workplace dispute." *Moore v. USG Corp.*, 2011 WL 4386246, at 10–11 (N.D. Miss. Sept. 20, 2011). Neutral conduct—even if otherwise offensive or abusive—which is not based on the plaintiff's protected status (here, national origin), cannot support an unlawful harassment claim. *E.g.*, *Hiner v. McHugh,* 546 Fed. App'x 401, 408 (5th Cir. 2013) (affirming dismissal of hostile work environment claim where the plaintiff failed to articulate any connection between his race and the complained-of conduct); *Farpella-Crosby*, 97 F.3d at 806; *Harris v. Dallas County Hosp. Dist.*, 2016 WL 2914847, at 13 (N.D. Tex. May 19, 2016) (Fitzwater, J.; summary judgment for employer where plaintiff failed to adduce any evidence that the employer's alleged actions including, *inter alia*, yelling at, being disrespectful towards, and belittling plaintiff in front of other managers and coworkers, issuing unwarranted write-ups, denying vacation time, falsely accusing plaintiff of a crime, *etc.*, were based on plaintiff's protected status, *i.e.*, disability). "Merely treating plaintiff poorly does not give rise to liability under these statutes[;]" only doing so on the basis of a prohibited factor does. *See, e.g., Nadeau v. Echostar*, 2013 WL 5874279, at 34 (W.D. Tex. Oct. 30, 2013); *M.J. v. Marion ISD*, 2013 WL 1882330, at 7 (W.D. Tex. May 3, 2013) (the offensive behavior must be based on plaintiff's protected class or characteristic, rather than personal animus or other reasons).

### 2. Fourth Element—"TITLE VII is not a general civility code":

Regarding the fourth element, not all "harassment" is unlawful. *Shepherd v. Comptr. Pub. Accounts*, 168 F.3d 871, 874 (5th Cir. 1999). TITLE VII is not "a general civility code for the American workplace." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998). "Discourtesy or rudeness should not be confused with actionable . . . harassment" because TITLE VII does not provide

any cause of action for "the ordinary tribulations of the workplace, such as the sporadic use of abusive language." *Faragher v. City of Boca Raton*, 524 U.S. 775, 778 (1998).

"To be actionable . . . a[n] objectionable environment must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact perceived to be so." *Faragher*, 524 U.S. at 781; *Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 479 (5th Cir. 2008); *Frank v. Xerox Corp.*, 347 F.3d 130, 138 (5th Cir. 2003) (a plaintiff's subjective perception of severity of the alleged harassment must be objectively reasonable; citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21-22 (1993) ("mere utterance of an . . . epithet which engenders offensive feelings in an employee does not sufficiently affect the conditions of employment" (quotation marks omitted)). Whether a work environment is sufficiently hostile to alter the terms and conditions of employment and, thus, be actionable is considered under the totality of the circumstances, including, *e.g.*, the frequency of the conduct; its severity, whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employer's work performance. *Faragher*, 524 U.S. at 781. "Incidents of environmental [ ] harassment 'must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive.'" *Faragher*, 524 U.S. at 787, *citing Carrero v. N.Y. City Housing Auth.*, 890 F.2d 569, 577 (2d Cir. 1989). "[I]solated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'" *Id.* at 788 (citation omitted).

"Title VII was only meant to bar conduct that is so severe and pervasive that it destroys a protected classmember's opportunity to succeed in the workplace." *Weller v. Citation Oil & Gas Corp.*, 84 F.3d 191, 194 (5th Cir. 1996),

*cert. denied*, 519 U.S. 1055 (1997). "We have made it clear that conduct must be extreme to amount to a change in the terms and conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. at 788. "The legal standard for workplace harassment in this circuit is 'high.'" *Holmes v. N. Tex. Health Care Laundry Coop. Ass'n*, 304 F.Supp.3d 525, 546 (N.D. Tex. 2018) (**Lindsay, J.**; quoting *Gowesky v. Singing River Hosp. Sys.*, 321 F.3d 503, 509 (5th Cir. 2003). "Conduct that is 'insensitive and rude,' including 'hard words or cold-shouldering,' does not rise to the level of actionable harassment." *Clark v. Charter Communications, L.L.C.*, 775 Fed. App'x. 764, 768 (5th Cir. 2019) (citation omitted). *Accord, e.g.*, *Holmes*, 304 F.Supp.3d at 546 ("Merely offensive conduct is not actionable.").

## B. Applicable Law—Individualized Assessments Are Required:

Additionally, the EEOC is required to establish a *prima facie* case separately, regarding *each* Claimant individually. *See, e.g., EEOC v. Glob. Horizons, Inc.*, 23 F.Supp.3d 1301, 1311 (E.D. Wash. 2014) ("Accordingly, to prove its hostile-work-environment claim for each Thai Claimant, the EEOC must prove that the particular Thai Claimant was subjected to" unlawful harassment), *rev'd and remanded on other grounds*, 915 F.3d 631 (9th Cir. 2019); *EEOC v. Swissport Fueling, Inc.*, 916 F.Supp.2d 1005, 1020-21 (D. Ariz. 2013) ("Thus, the Court will analyze the EEOC's evidence to see whether it meets its burden to overcome summary judgment for each claimant individually.); *EEOC v. Love's Travel Stops & Country Stores, Inc.*, 677 F.Supp.2d 1176, 1187 (D. Ariz. 2009) (analyzing the two claimants individually); *EEOC v. GLC Restaurants, Inc.*, 2006 WL 3052224 (D. Ariz. Oct. 26, 2006) (analyzing six claimants individually). Accordingly, the evidence regarding each Claimant's work circumstances must be separately analyzed to

8

determine whether a particular Claimant was subjected t unlawful harassment based on national origin.

## C. APPLICABLE LAW—THE PROPER SCOPE OF REVIEW:

### 1. Review Limited to Specifically Cited and Admissible Evidence:

"The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Arkansas v. Wilmington Tr. Nat'l Ass'n*, 2020 WL 6504568, at 2 (N.D. Tex. Nov. 5, 2020) (**Lindsay, J.**), citing *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). *See, e.g., U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *Perkins v. County of Milwaukee*, 2018 WL 6250611, at 2 (E.D. Wis. Nov. 29, 2018) (a Court is not obligated to scour the record or "to embark on an archeological dig" through the record "to piece together [a party's] theory of his dispute(s) and that which supports it."). "Rule 56 does not impose a duty on the court to 'sift through the record in search of evidence' to support the nonmovant's opposition to the motion for summary judgment." *Arkansas v. Wilmington Tr. Nat'l Ass'n*, 2020 WL 6504568, at 2; *Philadelphia Indem. Ins. Co. v. Creative Young Minds, Ltd.*, 679 F.Supp.2d 739, 741 (N.D. Tex. Dec. 29, 2009) (**Lindsay, J.**). "Rather, the Court need rely only on those portions of the submitted documents to which the nonmoving party directs the Court's attention." *Johnson v. Macerich S. Plains, LP*, 2015 WL 11027606, at 2 (N.D. Tex. May 26, 2015) (Cummings, J.); *GLF Const. Corp. v. LAN/STV*, 2004 WL 769260, at 2 (N.D. Tex. March 8, 2004) (Solis, J.).

A party must include in its brief citations to each page of its appendix which supports each assertion that the party makes concerning the summary judgment evidence. *N.D. Local Rule* 56.5(c). "Unless the assertions contained in

the plaintiff's brief are supported by accurate citations to the record, they are merely 'unsubstantiated assertions' which are not competent summary judgment evidence." *Tucker v. SAS Institute, Inc.*, 462 F.Supp.2d 715, 723 (N.D. Tex. 2006) (Fish, J.), *citing Calbillo v. Cavendar Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir. 2002). "'When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court.'" *Hutton Commc'ns, Inc. v. Commc'n Infrastructure Corp.*, 461 F. Supp. 3d 400, 403 (N.D. Tex. 2020) (Fish, J.), quoting *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).

### 2. The EEOC's Inadmissible "Evidence" Must be Disregarded:

"'[A]dmissibility of evidence on a motion for summary judgment is subject to the same standards as rules that govern admissibility of evidence at trial.'" *Williams v. Valenti*, 2011 WL 2650883, at 2 n. 3 (5th Cir. July 7, 2011) (quoting *Donaghey v. Ocean Drilling & Expl. Co.*, 974 F.2d 646, 650 n. 3 (5th Cir. 1992)). This includes satisfaction of the *Fed. R. Evid.* requirements regarding hearsay,[9] speculation,[10] and relevance.[11] When evidence submitted in opposition to a

---

[9] *See, e.g., United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 508 (5th Cir. 2008) ("[T]he affidavit clearly contained hearsay, was not based on personal knowledge, and, under normal summary judgment procedures, is not admissible.").

[10] *See, e.g., Chaney v. Dreyfus Serv. Corp.,* 595 F.3d 219, 229 (5th Cir. 2010) (a court is "not required to accept the nonmovant's conclusory allegations, speculation, and unsubstantiated assertions"); *EEOC v. Air Liquide USA LLC*, 692 F.Supp.2d 658, 667 (S.D. Tex. 2010) (former employees affidavits were inadmissible summary judgment evidence where statements were not based on personal knowledge and thus were mere speculation).

[11] Evidence—even if otherwise admissible—is only "relevant" if it has a tendency in logic to make a fact which is material to the determination of an issue in a case more or less probable. *Fed. R. Evid.* 401. A fact is not "material"

***Footnote continued on next page . . .***

motion for summary judgment is inadmissible, the proper procedure is to make objection. *E.g.*, *Johnson v. Mayhill Behavioral Health, LLC*, 2016 WL 4196648, at 1 (E.D. Tex. Aug. 9, 2016); *Fed. R. Civ. P.* 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.").

Accordingly, pursuant to *Fed. R. Civ. P.* 56(c)(2), Defendants object to the following summary judgment "evidence" offered by the EEOC, which must be disregarded.[12]

---

*. . . footnote continued from previous page:*

unless its resolution in favor of one party might affect the outcome of the suit under governing law, and a dispute regarding a material fact is not "genuine" unless the evidence is sufficient for a reasonable jury to return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248.

[12] To be clear, Defendants emphatically deny that *any* of the conduct alleged by the EEOC to constitute unlawful harassment ever occurred. For purposes of summary judgment analysis, the allegations are assumed as true, *arguendo*, only.

11

| OBJ. NO. | ECF[13] | DESCRIPTION | OBJECTION(S) |
|---|---|---|---|
| 1. | ECF 33, pp. 16, 17; ECF 31, pp. 70-71, 74, 82, 163 | "Sam Matalone commented that he liked to see 'his girls' working together because it turned him on." "Scott Belsley also commented to her and Linda Spears that it turned him on to see 'his girls working.'" "Belsley also told Stewart that it turned him on to see 'his girls working together.'" | **Irrelevant**. The EEOC has only sued for harassment based on national origin, not sexual harassment (even assuming, *arguendo*, the alleged comments contain a sexual connotation). Nothing in the alleged statements creates a nexus with any Claimant's national origin. A plaintiff "must demonstrate a connection between the allegedly harassing incidents and their protected status." *Jones v. Dallas Cnty.*, 47 F.Supp.3d at 483. *See Wooten v. Fed. Exp. Corp.*, 2007 WL 63609, at 22 (N.D. Tex. Jan. 9, 2007) (Fitzwater, J.: "Most of the actions that plaintiffs cite are not racial in character or purpose and would not reasonably permit the inference that they had a racial animus."). TITLE VII is not a civility code. |
| 2. | ECF 33, p. 16; ECF 31, pp. 73 | "Guardiola . . . thought Matalone believed he could talk to her in that way because she is Hispanic." | Inadmissible **irrelevant speculation** and **conjecture** regarding what Matalone allegedly may have thought. *Id.* at 23 ("Ronnie's subjective belief that Arbet's actions were motivated by racial animus is insufficient to avoid summary judgment."); *Hutchings v. Potter*, 2007 WL 994527, at 6 (W.D. Tex. Mar. 28, 2007) ("Although Hutchings subjectively perceived that Washington's comments were made in a demeaning or condescending manner, it is undisputed that his comments made no reference to Plaintiff's [protected status]."). Guardiola's speculation regarding Matalone's |

---

[13] Citations are: (1) to the page(s) of the EEOC's *Brief* (ECF 33) where the "evidence" is referenced; and (2) to the portion of the EEOC's *Appendix* (ECF 31) where the "evidence" is located.

| OBJ. NO. | ECF[13] | DESCRIPTION | OBJECTION(S) |
|---|---|---|---|
| | | | alleged thoughts is irrelevant to the issues raised in the motion for summary judgment. |
| 3. | ECF 33, pp. 16-17; ECF 31, p. 167 | "Stewart also overheard Matalone's conversations with Belsley where he would say . . . 'fucking Black people' and 'fucking cunts' in referencing tenants, employees or vendors."[14] | Utterly **irrelevant** to a claim of harassment based on *national origin*. This is not a race or sex harassment case. There is no nexus whatsoever between the alleged statements and Stewart's national origin. *See Gibson v. Verizon Servs. Org., Inc.*, 498 Fed. App'x. 391, 394 (5th Cir. 2012) (*per curiam*) ("The plaintiff must show 'a nexus' between the alleged conduct and [her protected status]."); *Ellis v. Principi*, 246 Fed. App'x. 867, 871 (5th Cir. 2007) (*per curium*) (the alleged harassment "do[es] not contain any connection, either explicit or implicit, between her membership in a protected class and the alleged activity"); *Shobney v. Sessions*, 2018 WL 1915490, at 5 (W.D. Tex. Apr. 23, 2018) ("Taken as true, these allegations fail to plausibly support a hostile work environment claim, in part because they fail to contain an implicit or explicit 'nexus' or 'connection' between the alleged conduct and Plaintiff's protected characteristic"). |
| 4. | ECF 33, p. 17; ECF 31, p. 172 | "Sam Matalone routinely targeted Stewart for discipline and bullying at work, calling her work 'garbage.'" | **Irrelevant**. Neutral hostile conduct not based on the Claimant's protected status "cannot be used to support a hostile environment claim. Title VII does not protect employees from hostile conduct that is not based on their protected status." *Farpella–Crosby v. Horizon Health Care,* 97 F.3d at 806 n. 2; *Duhe v. USPS*, 2004 WL 439890, at 6 |

14 Again, Defendants vehemently deny any such statements were made.

13

| Obj. No. | ECF[13] | Description | Objection(s) |
|---|---|---|---|
| | | | (E.D. La. Mar. 9, 2004) ("It follows that even 'severe and pervasive' hostility in the workplace, if not based upon [the Claimant's protected status], cannot establish a *prima facie* case[.]"). Criticizing an employee's work "is 'not the type [of conduct] that courts have found to constitute harassment'" *Grant v. Harris County*, 794 Fed. App'x. 352, 360 (5th Cir. 2019) (quoting *Credeur v. La. Office of Att'y Gen.*, 860 F.3d 785, 796 (5th Cir. 2017)). |
| 5. | ECF 33, p. 17; ECF 31, p. 171 | "[M]anagers' yelling in the workplace contributed to the hostile working environment[.]" | **Irrelevant**. Neutral hostile conduct not based on the Claimant's protected status "cannot be used to support a hostile environment claim. Title VII does not protect employees from hostile conduct that is not based on their protected status." *Farpella–Crosby v. Horizon Health Care*, 97 F.3d at 806 n. 2; *Harris v. Dallas County Hosp. Dist.*, 2016 WL 2914847, at 13 (plaintiff failed to adduce any evidence that the employer's alleged yelling at, being disrespectful towards, and belittling plaintiff in front of other managers and coworkers, issuing unwarranted write-ups, denying vacation time, falsely accusing plaintiff of a crime, *etc.*, were based on plaintiff's protected status); *Duhe v. USPS*, 2004 WL 439890, at 6 ("It follows that even 'severe and pervasive' hostility in the workplace, if not based upon [the Claimant's protected status], cannot establish a *prima facie* case[.]"). |
| 6. | ECF 33, p. 17; ECF 31, pp. 155- | "Elisa Matalone treated Stewart with hostility and questioned Stewart's U.S. citizenship. Elisa Matalone would not accept the paperwork that | **Irrelevant.** The alleged conduct is facially neutral. An employer has a legal obligation to ensure legal status and the right of an individual to work in the United States and is subject to civil and potential criminal penalties for |

| Obj. No. | ECF[13] | Description | Objection(s) |
|---|---|---|---|
|  | 161 | Stewart provided showing her citizenship." | employing an illegal alien. Requiring proper documentation and proper completion of an I-9 is required by law. When Stewart sought to transition from an ICS employee to a Hinson Jennings' employee, Hinson Jennings was obligated by law to ensure compliance. *See Burns v. Nielsen*, 456 F.Supp.3d 807, 830 (W.D. Tex. 2020) (asking for medical information to ensure compliance with the ADA could not support a disability harassment claim).[15] |
| 7. | *Id.* | "Stewart . . . believed Elisa Matalone's hostility towards her was a sign of national origin discrimination." | This is a hostile environment harassment case, not a disparate treatment case where the employer's intent is at issue. The employer's intent is irrelevant to whether Stewart was subjected to harassment based on national origin and, if so, whether it was sufficiently severe or pervasive so as to be unlawful. Stewart's **speculative** belief is **irrelevant**. |
| 8. | ECF 33, p. 18; ECF 31, pp. 139- | "Sam Matalone told Spears that a Hispanic female employee, Pat Carranza, was giving him a hard time. When Matalone described the lady to Spears, he called her a | **Irrelevant** to a claim of harassment based on *national origin*. This is not a sexual harassment case. There is no nexus whatsoever between the alleged (sexual) statement and Spears' national origin. *See Gibson v. Verizon Servs. Org., Inc.*, 498 Fed. App'x. at 394 ("The plaintiff must show |

---

[15] Stewart admitted that she did not have originals of either her Social Security card or her naturalization documents and had only provided Matalone with putative photocopies of the documents. ECF 35, Ex. 13. By law, an employer must examine *original* documents to complete the required I-9 employer certification, not photocopies. *See Employer Sols. Staffing Group II, LLC v. Office of Chief Admin. Hearing Officer*, 833 F.3d 480, 484 (5th Cir. 2016); 8 C.F.R. § 274a.2(b)(1)(v) ("The individual may present either an original document which establishes both employment authorization and identity, or an original document which establishes employment authorization and a separate original document which establishes identity.").

| OBJ. NO. | ECF[13] | DESCRIPTION | OBJECTION(S) |
|---|---|---|---|
| | 141 | 'fucking cunt.'" | 'a nexus' between the alleged conduct and [her protected status].")." |
| 9. | *Passim* and, in particular, ECF 33, pp. 32-34 | Repeated references to alleged lack of (1) EEO training or policies; (2) dedicated HR personnel; (3) an employee handbook, *etc.* | *Ellerth-Faragher* is utterly and completely **irrelevant** to establishing a *prima facie* case. *Ellerth-Faragher* becomes relevant ***only if*** the EEOC *first* establishes a *prima facie* case. Moreover, Defendants have not asserted the *Ellerth-Faragher* affirmative defense. Accordingly, the EEOC's entire *Ellerth-Faragher* discussion and the "evidence" on which it purports to be based, *e.g.*, alleged lack of HR policies, *etc.*, is wholly **irrelevant** to the motion for summary judgment, *i.e.*, wholly irrelevant to the third or fourth elements of the *prima facie* case. |
| 10. | ECF 33, p. 20; ECF 31, p. 45 | "Eisensmith said there was a lot of gossip in Defendants offices. . . gossip 'about laziness, people's work ethic, racist comments sometimes. It's just you know when you're in an office that is strictly enforced by HR laws and policies and not. This wasn't. That's why this was so toxic.'" | **Hearsay** ("gossip"). **Irrelevant**. *Some* of Eisensmith's testimony *might* be relevant *if* the case is tried and the veracity of the Claimants is at issue. However, on a motion for summary judgment, Claimants' testimony is accepted as true and the only questions are whether any of the Claimants were subjected to harassment based on national origin and, if so, whether the harassment was sufficiently severe or pervasive to be unlawful. Nothing in Eisensmith's testimony establishes any Claimant saw or heard anything to which she testified. *See Ramirez v. GEO Group, Inc.*, 655 F.Supp.2d 1170, 1182 (D. Colo. 2009) ("[H]arassment of which the plaintiff is not aware cannot make out a hostile environment claim. *See, e.g., Williams v. W.D. Sports, N.M., Inc.*, 497 F.3d 1079, 1095 (10th Cir. 2007). Thus, evidence concerning other employees' recollections of [the] use of foul language, where there is no suggestion that Ms. Ramirez |

16

| Obj. No. | ECF[13] | Description | Objection(s) |
|---|---|---|---|
|  |  |  | overheard the language, cannot support her claim."). Accordingly, all of this purported testimony is utterly **irrelevant** to the summary judgment motion. |
| 11. | ECF 33, p. 20; ECF 31, pp. 45-46 | "Eisensmith testified that she specifically recalled an incident in November 2016 when Belsley called a tenant a 'n*gger.'"[16] | Utterly **irrelevant**. The alleged comment has no nexus whatsoever to any Claimant's national origin. There is no evidence any Claimant heard or had knowledge of the alleged statement. *See Williams v. W.D. Sports, N.M., Inc.,* 497 F.3d at 1095; *Ramirez v. GEO Group, Inc.,* 655 F.Supp.2d at 1182 ("[H]arassment of which the plaintiff is not aware cannot make out a hostile environment claim."). |
| 12. | ECF 33, pp. 20-21; ECF 31, pp. 47-49, 51, 53 | "Eisensmith . . . recalled Belsley telling offensive jokes, including racist jokes . . . referr[ing] to an employee's race and Hispanic or Mexican status . . . believed that Belsley looked down on Hispanic employees and tenants because of the things she heard, the gossip she heard and the way he treated some of the employees [and she heard] Matalone and Sam Belsley say that Hispanic tenants were lucky that they rented to them" [and "screaming" testimony in ¶ j]. | **Hearsay** ("gossip"). **Speculation** (she "believed" based on hearsay). **Irrelevant**. *Some* of Eisensmith's testimony *might* be relevant *if* the case is tried and the veracity of the Claimants is at issue. However, on a motion for summary judgment, Claimants testimony is accepted as true and the only questions are whether any of the Claimants were subjected to harassment based on national origin and, if so, whether the harassment was sufficiently severe or pervasive to be unlawful. Nothing in the testimony establishes any Claimant saw or heard anything to which the witness testified. *See Williams v. W.D. Sports, N.M., Inc.,* 497 F.3d at 1095; *Ramirez v. GEO Group, Inc.,* 655 F.Supp.2d at 1182. Accordingly, all of this purported testimony is utterly **irrelevant** to the summary judgment motion. |

---

[16] Again, Defendants vehemently deny any such statement was made.

### D. AS A MATTER OF LAW, THE EEOC HAS FAILED TO ESTABLISH THE THIRD OR FOURTH ELEMENT OF A *PRIMA FACIE* CASE REGARDING ANY CLAIMANT:

#### 1. Stewart:

For more than a month, from September 19, 2016, until October 24, 2016, as an employee of ICS, Stewart worked for Hinson Jennings performing bookkeeping work at the Richardson office on Glenville under Guardiola's supervision. ECF 30, App. Ex. 12 (p. 57). In her EEOC *Charge*, Stewart certified under penalty of perjury that the earliest any harassment occurred was October 1, 2016. ECF 35, Ex. 14. Nevertheless, three weeks later on October 24, 2016—despite whatever "harassment" to which she, now, claims to have earlier been subjected—Stewart accepted employment as a Hinson Jennings' employee. ECF 30, App. Exs. 2, 4, 7, and 12 (p. 57). Five weeks later, on December 2, 2016, she voluntarily quit. *Id.*

Stripped of inadmissible, irrelevant content, the extent of the "evidence" on which the EEOC relies to establish the third and fourth elements of a *prima facie* case of national origin harassment regarding Stewart is set forth in the EEOC's *Brief*, ECF 33, pp. 16-17, and consists of the following, during the two month period between October 1 and December 2, 2016:

➢ On an unspecified number of occasions in Stewart's presence, Belsley allegedly referred to Hispanics as "your people" or "you people."

➢ Belsley allegedly referred to Hispanic men as "lawn mowers."[17]

➢ On one occasion Belsley allegedly stated "'most Hispanics . . . continue to have children,' or something to that effect. I don't recall exactly his words. . . . because I just didn't stay at home having more children or go

---

[17] As a pragmatic matter, most of Hinson Jennings' grounds crew, *i.e.*, those who mowed the lawns, were Hispanic. ECF 31, App. 146. Thus, "lawn mower" conveys nothing more than the individuals' job description. *See* ECF 35, Exs. 15 and 16.

**18**

on welfare like . . . most other people. . . . 'I'm surprised you have come this far.'" ECF 31. App. p. 166.

➢ On an unspecified number of occasions Matalone allegedly said 'fucking Mexicans" when speaking *to Belsley.*

➢ Stewart's work was allegedly criticized more in comparison to non-Hispanic employees.

➢ Stewart claims the "tone" Belsley allegedly used when using the word "Mexican" was derogatory." *Id.*, App. p. 170.

As a matter of law, the foregoing evidence fails to raise a genuine issue of material fact regarding the fourth element of a *prima facie* case regarding Stewart. None of the alleged conduct or statements were physically threatening. *See, e.g., Faragher*, 524 U.S. at 781. Nor has the EEOC presented any evidence the alleged conduct unreasonably interfered with Stewart's ability to perform her job or prevented her from meeting her job requirements. *See Holmes*, 304 F.Supp.3d at 547 (**Lindsay, J.**: "Holmes provides no evidence that she was unable to do her job as a result of Hernandez's conduct."); *Moyer v. Jos. A. Bank Clothiers, Inc.*, 2013 WL 4434901, at 12 (N.D. Tex. Aug. 19, 2013) (**Lindsay, J.**: finding it significant that the plaintiff "was nonetheless able to perform her job" and was "a good employee and met all of her job requirements"), *aff'd*, 601 Fed. App'x 247 (5th Cir. 2015); *Davis v. Wal-Mart Stores, Inc.*, 2007 WL 836860, at 9 (N.D. Tex. Mar. 19, 2007) (**Lindsay, J.**) ("Plaintiff has failed to submit evidence that the alleged conduct unreasonably interfered with her work performance."); *Sparks v. Alrod Enters.,* 2003 WL 21246141, at 5 (N.D. Tex. Apr. 28, 2003) (**Lindsay, J.**):

Even when a hostile environment is shown, a plaintiff must establish that the workplace environment had the effect of altering the terms and conditions of his employment. Central to the court's inquiry into a hostile environment claim is whether the alleged harasser's actions have undermined the victim's workplace competence, discouraged him from remaining on the job, or kept him from advancing in his career. Title VII is intended only to prohibit and prevent conduct "that is so

**19**

severe and pervasive that it destroys a protected class member's opportunity to succeed in the workplace."

The EEOC's *Response* and *Brief* identifies no such evidence. To the contrary, after having satisfactorily worked as an ICS temp for five weeks, Stewart was offered a regular, full-time position by Hinson Jennings. She voluntarily quit, and the EEOC admits Stewart was not constructively discharged. ECF 30, App. Ex. 10.

### *2. Spears:*

Spears was originally hired as an Alden Short employee in June 2014. *Id.*, App. Ex. 12 (pp. 57-58). She ceased to be employed by Alden Short at the end of 2015. *Id.* Beginning in 2016—after working in the Richardson office on Glenville for more than a year and a half—she accepted employment as a Hinson Jennings' employee, a bookkeeper performing cash management duties and working at the same location. *Id.*, App. Exs. 4, 6, and 12 (pp. 57-58). Spears voluntarily quit her job at the end of December 2016. *Id.* The EEOC admits Spears was not constructively discharged. *Id.*, App. Ex. 9.

Stripped of inadmissible, irrelevant content, the extent of the "evidence" on which the EEOC relies to establish the third and fourth elements of a *prima facie* case of national origin harassment regarding Spears is set forth in the EEOC's *Brief*, ECF 33, pp. 17-19, and consists of the following sporadic, episodic alleged events, during a two and a half year period between June 2014 and December 2016:

➤ One time—*in December 2014*—Matalone allegedly told Spears he was waiting to see which of the Mexicans she would "hook up with" at the warehouse. ECF 31, App. p. 137.

➤ Spears allegedly complained to Belsley who supposedly told her that Matalone was just joking around.

20

➢ One time at the warehouse at an unspecified time and date—"I can't give you specifics"—in Spears' presence, Matalone allegedly referred to the maintenance workers for the Defendants as "fucking lazy Mexicans."

➢ Matalone allegedly said "the fucking Mexicans need to do their jobs, quit fucking being lazy." *Id.*, App. p. 144.

➢ Belsley allegedly told Spears her sons—who did not have a strong father figure in their lives—"were lucky they were in the military" because otherwise "they would be either drug addicts, drug dealers, or gangbangers" "that's what Hispanics teenagers do." *Id.*, App. p. 147.

➢ "[O]n a couple of occasions it—I felt that when he was expressing himself, I should be grateful my dad was white, and, you know, I'm more educated than most Hispanic females." *Id.*, App. p. 149.

As a matter of law, the foregoing evidence fails to raise a genuine issue of material fact regarding the fourth element of a *prima facie* case regarding Spears. None of the alleged conduct or statements were physically threatening. *Faragher*, 524 U.S. at 781. The foregoing allegations, allegedly occurring over a two and a half year period are, as a matter of law, neither sufficiently severe nor pervasive to meet the "high" bar for establishing unlawful harassment in this circuit. *Gowesky v. Singing River Hosp. Sys.*, 321 F.3d at 509. The EEOC has presented no evidence the alleged conduct unreasonably interfered with Spears' ability to perform her job or prevented her from meeting her job requirements. *See Holmes*, 304 F.Supp.3d at 547; *Moyer v. Jos. A. Bank Clothiers, Inc.*, 2013 WL 4434901, at 12; *Davis v. Wal-Mart Stores, Inc.*, 2007 WL 836860, at 9; *Sparks v. Alrod Enters.,* 2003 WL 21246141, at 5 ("Even when a hostile environment is shown, a plaintiff must establish that the workplace environment had the effect of altering the terms and conditions of his employment.").

The EEOC's *Response* and *Brief* identifies no such evidence. Spears performed her job for two and a half years before she voluntarily quit, and the

21

EEOC admits Spears was not constructively discharged. ECF 30, App. Ex. 9. In fact, Spears testified she liked working at the company. ECF 35, Ex. 17.

### 3. *Guardiola:*

Beginning in August 2016, ICS placed one of its employees, Guardiola, with Hinson Jennings to perform financial accounting services. *Id.* After working in the Richardson office on Glenville for nearly two months, on October 10, 2016, Guardiola accepted employment as a Hinson Jennings' employee in the position of Controller. ECF 30, App. Exs. 1, 3, 5, and 12 (p. 57). She voluntarily quit, effective November 23, 2016. *Id.* The EEOC admits Guardiola was not constructively discharged, *i.e.*, that she voluntarily quit. App. Ex. 8.

Stripped of inadmissible, irrelevant content, the extent of the "evidence" on which the EEOC relies to establish the third and fourth elements of a *prima facie* case of national origin harassment regarding Guardiola is set forth in the EEOC's *Brief*, ECF 33, pp. 14-16, and consists of the following sporadic, episodic alleged events, between August 2016 and November 2016:

➢ Belsley allegedly told Guardiola "Claudia, your people, you know, are lucky I lease to them. Your people are F'ing Mexicans, you know." ECF 31, App. p. 76.

➢ When Guardiola satisfactorily completed an assigned task, Belsley would allegedly tell Guardiola she was "the smartest Mexican he knows." *Id.*, App. p. 77.

➢ "Once or twice," "Matalone told Guardiola that he could treat her any way that he wants because she is Mexican."[18]

---

[18] *See Rocha Vigil v. City of Los Cruces*, 119 F.3d 871 (10th Cir. 1997) (evidence that Hispanic plaintiff's supervisor referred to Hispanics as "wetbacks," condoned discriminatory treatment of Hispanic customers, and, in response to a complaint by plaintiff, stated that "I didn't know that Mexicans had rights" was not sufficiently severe to support a claim for hostile work environment).

➢ On an unspecified date, while seated in her car in the parking lot, Guardiola claims to have overheard Matalone—who was engaged in a conversation with men at the warehouse—say "that Mexican females are cunts and whores and sleeping with male groundskeepers." *Id.*, App. p. 80.

➢ Guardiola also claims to have also overheard a phone conversation *between Matalone and Belsley* during which Matalone allegedly criticized *Stewart's* work as "garbage" and "this is what you get when you hire cheap Mexican labor." *Id.*[19]

As a matter of law, the foregoing evidence fails to raise a genuine issue of material fact regarding the fourth element of a *prima facie* case regarding Guardiola. None of the alleged conduct or statements were physically threatening. *Faragher*, 524 U.S. at 781. The foregoing allegations are, as a matter of law, neither sufficiently severe nor pervasive to meet the "high" bar for establishing unlawful harassment in this circuit. *Gowesky v. Singing River Hosp. Sys.*, 321 F.3d at 509. The EEOC has presented no evidence the alleged conduct unreasonably interfered with Guardiola's ability to perform her job or prevented her from meeting her job requirements. *See Holmes*, 304 F.Supp.3d at 547; *Moyer v. Jos. A. Bank Clothiers, Inc.*, 2013 WL 4434901, at 12; *Davis v. Wal-Mart Stores, Inc.*, 2007 WL 836860, at 9; *Sparks v. Alrod Enters.*, 2003 WL 21246141, at 5 ("Even when a hostile environment is shown, a plaintiff must establish that the workplace environment had the effect of altering the terms and conditions of his employment.").

The EEOC's *Response* and *Brief* identifies no such evidence. To the contrary, after having worked as an ICS temp for two months, Guardiola was offered a regular, full-time position by Hinson Jennings. She voluntarily quit,

---

[19] Thus, the alleged statements contained in these final two bullet points were not directed at Guardiola, nor even knowingly voiced in her presence.

and the EEOC admits she was not constructively discharged. ECF 30, App. Ex. 8.

**III.**

**THE EEOC HAS FAILED TO OFFER ANY EVIDENCE THAT ALDEN SHORT IS AN "EMPLOYER," WITHIN THE MEANING OF TITLE VII, _I.E._, THAT IT HAD 15 OR MORE EMPLOYEES IN EACH WORKING DAY IN 20 OR MORE CALENDAR WEEKS IN THE "CURRENT OR PRECEDING YEAR," EITHER IN ITS OWN RIGHT, OR AS A "JOINT EMPLOYER."**

To establish liability against Alden Short under TITLE VII, the EEOC bears the burden of establishing that an employer-employee relationship exists between Alden Short and the Claimants. _E.g._, _Obinyan v. Prime Therapeutics LLC_, 2019 WL 5647955, at 3 (N.D. Tex. Oct. 31, 2019). This is a two-prong requirement. First, the Commission must establish that Alden Short is an "employer" within the meaning of TITLE VII, _i.e._, that it had 15 or more employees in each working day in 20 or more calendar weeks in the current or preceding year, 42 U.S.C. § 2000e(b). Second, it must establish an employer-employee relationship between Alden Short and each of the Claimants. _Obinyan_, _supra_ (citing _Deal v. State Farm Cnty. Mut. Ins. of Tex._, 5 F.3d 117, 118 (5th Cir. 1993)).

Regarding the first prong, the EEOC's _Response_ and _Brief_ offer no evidence whatsoever regarding—in fact, neither document even _mentions_—the number of employees allegedly employed by Alden Short, either in Alden Short's own right, or as a supposed "joint employer" with Hinson Jennings. On this ground alone, Alden Short is entitled to summary judgment. _Celotex_, 477 U.S. at 322-25

**24**

(summary judgment is mandatory when there is "a complete failure of proof regarding an essential element").[20]

## CONCLUSIONS AND REQUESTED RELIEF

For all of the foregoing reasons, Defendants' objections to the EEOC's summary judgment "evidence" should be **SUSTAINED** and the motion for summary judgment, should be, in all things, **GRANTED**.

Respectfully submitted,

*/s/ John L. Ross*

**JOHN L. ROSS**
Texas State Bar No. 17303020

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 North Pearl Street, Suite 2500
Dallas, Texas 75201
Telephone:  (214) 871-8206
Facsimile:   (214) 871-8209
Email: jross@thompsoncoe.com

**RICHARD B. SCHIRO**
Texas Bar No. 17750600
**GREG E. BUTTS**
Texas Bar No. 00790409

**LAW OFFICES OF RICHARD B. SCHIRO**
2706 Fairmount Street
Dallas, Texas 75201
Telephone:  (214) 521-4994
Facsimile:   (214) 521-3838
Email:       rbschiro@schirolaw.com
Email:       gebutts@schirolaw.com

**ATTORNEYS FOR DEFENDANTS**

---

[20] Regarding the second prong, Defendants rely on the arguments and authorities of their opening brief.

**25**

## CERTIFICATE OF SERVICE

Pursuant to *Fed. R. Civ. P.* 5(b)(2)(E) and 5(b)(3), I hereby certify a true and correct copy of the foregoing document was filed electronically and notice of the filing was thereby given to Plaintiff's counsel on the date file-stamped by the Clerk. Parties may access this filing through the court's electronic filing system.

/s/ *John L. Ross*

**JOHN L. ROSS**

26