IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| PLAINTIFF, | § § § | |
| VS. | § § | CA NO. 3:18-CV-2125-L |
| ALDEN SHORT, INC., AND HINSON JENNINGS, LLC, | § § § § | |
| DEFENDANTS. | § | |

## JOINT PRETRIAL ORDER

Pursuant to *Local Rule* 16.4 and the Court's *Second Amended Scheduling Order* (Docket No. 27), the parties respectfully file their *Joint Pretrial Order*.

## I.

### SUMMARY OF THE PARTIES' CONTENTIONS

**A. SUMMARY OF PLAINTIFF'S CONTENTIONS:**

This is an employment discrimination case brought by the U.S. Equal Employment Opportunity Commission under Title VII of the Civil Rights Act of 1964, as amended (Title VII) and Title I of the Civil Rights Act of 1991, on behalf of Claudia Guardiola, Linda Spears and Leticia Stewart.

EEOC alleges that the Defendants violated Title VII by subjecting Guardiola, Spears and Stewart to a hostile work environment because of their national origin (Hispanic). EEOC seeks compensatory and punitive damages on behalf of Guardiola, Spears and Stewart as well as injunctive relief barring the Defendants from future discrimination. EEOC also contends that the Defendants are a

1

single employer and/or integrated enterprise or joint employers of Guardiola, Stewart and Spears for purposes of Title VII.

**B. SUMMARY OF DEFENDANTS' CONTENTIONS:**

Defendants deny that any of the three individuals were subjected to unlawful harassment on the basis of national origin.

Defendants also deny that any of the three individuals have suffered any damages.

Finally, Defendants also deny that any of the three individuals were employees of Alden Short, Inc., during the relevant time frame. Specifically, Guardiola and Stewart were never employees of Alden Short, Inc. Although at one time Spears was an employee of Alden Short, Inc., from June 2014 to December 2015, she was never thereafter employed by Alden Short, Inc.

## II.

## STIPULATED FACTS

**A. REGARDING PROCEDURAL MATTERS:**

1. The Court has jurisdiction.
2. Venue is proper in this district and division.
3. The administrative prerequisites to suit have been satisfied.

**B. REGARDING GUARDIOLA:**

1. Claudia Guardiola is of Hispanic national origin.
2. Guardiola voluntarily quit, effective November 23, 2016.

**C. REGARDING STEWART:**

1. Leticia Stewart is of Hispanic national origin.
2. On December 2, 2016, Stewart voluntarily quit.

**D. REGARDING SPEARS:**

1. Linda Spears is of Hispanic national origin.

2. Spears voluntarily quit her job at the end of December 2016.

## III.

## **CONTESTED ISSUES OF FACT**[1]

A. THE EEOC'S STATEMENT OF CONTESTED ISSUES OF FACT:

1. Whether Claudia Guardiola was subjected to harassment in the workplace because of her national origin?

2. Whether Linda Spears was subjected to harassment in the workplace because of her national origin?

3. Whether Leticia Stewart was subjected to harassment in the workplace because of her national origin?

4. Whether Claudia Guardiola is entitled to an award of compensatory damages and, if so, what amount of compensatory damages is she entitled to receive?

5. Whether Linda Spears is entitled to an award of compensatory damages and, if so, what amount of compensatory damages is she entitled to receive?

---

[1] The parties agree (1) the issues in this case are mixed questions of law and fact. So, to the extent a listed question of fact involves a question of law, it should be considered a question of law; (2) the contested issues of fact are listed without regard to whether they are for determination by the Court or the jury and the parties' listing of a contested issue of fact should not in any way prejudice the parties' rights to separately submit to the Court what each party believes to be the correct manner by which any issue, if for jury determination, should be submitted to the jury.

Defendants' agreement to the list of contested facts in the *Joint Pretrial Order* does not represent Defendants' agreement for purposes of Defendants' pending motion for summary judgment that any listed fact: (1) is a *material* issue of fact, or (2) that there is a *genuine* issue regarding that fact. The parties' positions regarding the existence, if any, of genuine issues of material fact are set forth in their summary judgment briefing.

6. Whether Leticia Stewart is entitled to an award of compensatory damages and, if so, what amount of compensatory damages is she entitled to receive?

7. Whether the Defendants acted with malice or with reckless indifference to the federally protected rights of Claudia Guardiola, Linda Spears and Leticia Stewart.

8. What amount of punitive damages, if any, should be assessed against the Defendants for their conduct toward Claudia Guardiola?

9. What amount of punitive damages, if any, should be assessed against the Defendants for their conduct toward Linda Spears?

10. What amount of punitive damages, if any, should be assessed against the Defendants for their conduct toward Leticia Stewart?

B. **DEFENDANTS' STATEMENT OF CONTESTED ISSUES OF FACT:**

   *1. Regarding Guardiola:*

   a. Whether, beginning in August 2016, Infinity Consulting Solutions, Inc. ("ICS"), placed its employee Guardiola, with Hinson Jennings, LLC.

   b. Whether, on October 10, 2016, Guardiola accepted employment as a Hinson Jennings' employee in the position of Controller.

   c. Whether Guardiola was subjected to unwelcome harassment in the workplace.

   d. If so, whether the harassment was on the basis of her national origin (Hispanic).

   e. If so, whether the harassment was sufficiently severe or pervasive to alter the terms and conditions of her employment.

   f. Whether Guardiola suffered any damages as a result of unwelcomed harassment based on her national origin which was sufficiently severe or pervasive so as to affect the terms and conditions of her employment.

### *2. Regarding Stewart:*

a. Whether, beginning September 19, 2016, ICS placed its employee, Stewart, with Hinson Jennings, LLC, as a bookkeeper.

b. Whether, on October 24, 2016, Stewart accepted employment as a Hinson Jennings' employee, working as a Mortgage Administrator.

c. Whether Stewart was subjected to unwelcome harassment in the workplace.

d. If so, whether the harassment was on the basis of her national origin (Hispanic).

e. If so, whether the harassment was sufficiently severe or pervasive to alter the terms and conditions of her employment.

f. Whether Stewart suffered any damages as a result of unwelcomed harassment based on her national origin which was sufficiently severe or pervasive so as to affect the terms and conditions of her employment.

### *3. Regarding Spears:*

a. Whether, in June 2014, Spears was hired by Alden Short, Inc., as an accounting clerk.

b. Whether, Spears ceased to be employed by Alden Short, Inc. at the end of 2015.

c. Whether, beginning in 2016, Spears accepted employment as a Hinson Jennings' employee, a bookkeeper performing cash management duties.

d. Whether Spears was subjected to unwelcome harassment in the workplace.

e. If so, whether the harassment was on the basis of her national origin (Hispanic).

f. If so, whether the harassment was sufficiently severe or pervasive to alter the terms and conditions of her employment.

g. Whether Spears suffered any damages as a result of unwelcomed harassment based on her national origin which was sufficiently severe or pervasive so as to affect the terms and conditions of her employment.

### *4. Regarding Defendants:*

a. Whether Alden Short, Inc., is an "employer" within the meaning of TITLE VII.

b. Whether an employment relationship existed between Alden Short, Inc., and any of the three claimants.

c. Whether an interrelation of operations existed between the Defendants.

d. Whether the Defendants had common management.

e. Whether common ownership or financial control existed between the Defendants.

### IV.

### CONTESTED ISSUES OF LAW

**A. JOINT CONTESTED ISSUES OF LAW:**

1. Whether Defendants were joint employers of any of the claimants.

2. The extent to which damages, if any, for Guardiola, Spears, or Stewart are limited by 42 U.S.C. § 1981a.

**B. THE EEOC'S STATEMENT OF ADDITIONAL CONTESTED ISSUES OF LAW:**

If the jury returns a finding of discrimination against the Defendants, EEOC expects to file post-trial motions, asking the Court to rule on the following issues of law:

6

1. Whether the Defendants are a single employer and/or integrated enterprise?

2. Whether the EEOC is entitled to injunctive relief against Defendants to prevent further employment discrimination?

3. Whether EEOC is entitled to costs and if so, what amount?

C. DEFENDANTS' STATEMENT OF ADDITIONAL CONTESTED ISSUES OF LAW:

1. Whether the alleged harassment on the basis of national origin to which Guardiola claims to have been subjected was sufficiently severe or pervasive to alter the terms and conditions of Guardiola's employment.

2. Whether the alleged harassment on the basis of national origin to which Spears claims to have been subjected was sufficiently severe or pervasive to alter the terms and conditions of Spears' employment.

3. Whether the alleged harassment on the basis of national origin to which Stewart claims to have been subjected was sufficiently severe or pervasive to alter the terms and conditions of Stewart's employment.

V.

ESTIMATED LENGTH OF TRIAL

A. PLAINTIFF'S STATEMENT:

The probable length of trial is 4-5 days. EEOC has requested a Jury Trial.

B. DEFENDANT'S STATEMENT:

The length of trial depends on the Court's rulings on Defendants' pending motion for summary judgment. If trial is had on all claims and defenses, the parties estimate trial will take 4-5 days.

## VI.

## **MATTERS WHICH MIGHT AID DISPOSITION OF THE CASE**

The following motion is pending before the Court, has been fully briefed, and is ripe for determination:

- *Defendants' Motion for Summary Judgment* (Docket No. 28) and related briefing and exhibits. Docket Nos. 29-33, 35 and 35-1.

Expeditious disposition of the motion would significantly aid the parties in streamlining and focusing their trial preparation, or eliminate trial preparation altogether.

Respectfully Submitted,

SHARON FAST GUSTAFSON
General Counsel
ROBERT A. CANINO
Acting Deputy General Counsel
GWENDOLYN YOUNG REAMS
Associate General Counsel

*/s/ Suzanne M. Anderson*
SUZANNE M. ANDERSON
Acting Regional Attorney
Texas Bar No. 14009470
Email:       suzanne.anderson@eeoc.gov

*/s/ Lauren W. Johnston*
LAUREN W. JOHNSTON
Senior Trial Attorney
Oklahoma Bar No. 22341
Email:       lauren.johnston@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 South Houston Street, 3rd Floor
Dallas, Texas 75202
Telephone:  (972) 918-3626
Facsimile:    (214) 253-2749

8

/s/ *John L. Ross*
JOHN L. ROSS
Texas State Bar No. 17303020

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, Suite 2500
Dallas, Texas 75201
Telephone:  (214) 871-8206
Facsimile:   (214) 871-8209
Email: jross@thompsoncoe.com

RICHARD B. SCHIRO
Texas Bar No. 17750600
GREG E. BUTTS
Texas Bar No. 00790409

LAW OFFICES OF RICHARD B. SCHIRO
2706 Fairmount Street
Dallas, Texas 75201
Telephone:  (214) 521-4994
Facsimile:   (214) 521-3838
Email:         rbschiro@schirolaw.com
Email:         gebutts@schirolaw.com

ATTORNEYS FOR DEFENDANTS

APPROVED THIS ___ DAY OF _____, 2021.


_____
**SAM A. LINDSAY**
**UNITED STATES DISTRICT JUDGE**

9