IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT** | § | |
| **OPPORTUNITY COMMISSION,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:18-CV-2125-L** |
| | § | |
| **ALDEN SHORT and** | § | |
| **HINSON JENNINGS, LLC,** | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is Defendants' Motion for Summary Judgment (Doc. 28), filed October 15, 2020. After considering the motion, briefs, evidence, file, record, and applicable law, the court **denies** Defendants' Motion for Summary Judgment (Doc. 28).

## I.      Factual and Procedural Background

On August 15, 2018, the Equal Employment Opportunity Commission ("EEOC") brought this action against Alden Short, Inc. ("Alden Short") and Hinson Jennings, LLC ("Hinson") ("Defendants"), pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42. U.S.C. §1981a, to correct allegedly unlawful employment practices on the basis of national origin and to provide relief to Claudia Guardiola, Linda Spears, and Leticia Stewart.  The EEOC alleges that Alden Short and Hinson subjected Claudia Guardiola, Linda Spears, and Leticia Stewart to a hostile work environment because of their Hispanic national origin.[1]

---

[1] National origin, though often confused with race, refers to "the country where a person was born, or, more broadly, the country from which his or her ancestors came." *Espinoza v. Farrah Mfg. Co.*, 414 U.S. 86, 88 (1973). Based on the allegations in the EEOC's Complaint, it really appears to be asserting a race claim, as the Complaint suggests but does not expressly state the womens' country of birth or that of their ancestors. In any event, in some contexts national

**Memorandum Opinion and Order – Page 1**

On October 15, 2020, Defendants moved for summary judgment all claims asserted, contending that there is insufficient evidence to raise a genuine dispute of material fact regarding the third and forth elements of the EEOC's hostile work environment claim as required to establish a prima facie case of harassment.  In addition, Defendants contend that Alden Short does not qualify as an employer under Title VII.  The EEOC disagrees and filed a response on November 3, 2020.  Defendants replied on November 17, 2020.

## II.     Motion for Summary Judgment Standard

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party.  *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).  Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

---

origin and racial discrimination are "so closely related . . . as to be indistinguishable." *Bullard v. OMI Georgia, Inc.*, 640 F.2d 632, 634 (5th Cir. Unit B 1981). Discrimination against Hispanics is often referred to interchangeably under both of these categories. *Cf., e.g., Gonzalez v. Trinity Marine Group, Inc*., 117 F.3d 894, 895-96 (5th Cir. 1997) (claim under 42 U.S.C. § 1981). Accordingly, the court will consider the EEOC's Complaint as sufficiently alleging a claim for discrimination based on national origin.

**Memorandum Opinion and Order – Page 2**

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita*, 475 U.S. at 587. (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence

of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted.  *Celotex*, 477 U.S. at 322-23.

## III.    Discussion

The law regarding the EEOC's claims is well established and summarized by the parties. The issue presented by the parties' briefs is whether the undisputed evidence in this case entitles Defendants to summary judgment on the EEOC's claims.  The court concludes that it does not. Instead, after reviewing the parties' briefs and evidence, the court, for many of the reasons asserted by the EEOC, determines that genuine disputes of material fact exist as to both summary judgment grounds urged by Defendants that preclude entry of judgment on the EEOC's claims.[2] Accordingly, the court will deny Defendants' Motion for Summary Judgment (Doc. 28).

## IV.    Conclusion

For the reasons explained, the court **denies** Defendants' Motion for Summary Judgment (Doc. 28).  By separate order, the court will enter an amended scheduling order that sets this case for trial; however, because of the delays and backlog in the court's docket caused by COVID-19, it may not be able to try this case until sometime in mid-2022.  In the meantime, to prevent the case from continuing to age without activity, the court determines that it should be, and is hereby, **administratively closed** and **directs** the United States District Clerk to submit JS-6 form to the Administrative Office, thereby removing this case from the statistical records. Nothing in this order shall be considered a dismissal or disposition of this case, and, should further proceedings in it become necessary or desirable, any party may file a motion to reopen the case to initiate such further proceedings, or the court may take such action *sua sponte*.

---

[2] In ruling on Defendants' motion, the court does not consider the *evidence* submitted by them in support of their reply that was filed without leave of court.

**Memorandum Opinion and Order – Page 4**

**It is so ordered** this 30th day of September, 2021.

Sam A. Lindsay
United States District Judge