IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ALDEN SHORT, INC., and HINSON JENNINGS, LLC,<br>,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§  Civil Action No. **3:18-CV-2125-L**<br>§<br>§<br>§<br>§<br>§ |

## CONSENT DECREE JUDGMENT

In consideration of the mutual promises and agreements set forth herein, the sufficiency of which is hereby acknowledged, the parties agree as follows, the court finds appropriate and therefore, it is **ordered, adjudged, and decreed** that:

The Equal Employment Opportunity Commission ("EEOC" or "Plaintiff") and Defendants Alden Short, Inc., and Hinson Jennings, LLC (collectively, "Defendants") have settled the claims raised in this action without the necessity of further litigation pursuant to the terms delineated in this Decree. This Consent Decree does not constitute an admission by Defendants of a violation of any law enforced by, or otherwise, including any violation of Title VII of the Civil Rights Act of 1964.

This Consent Decree is made and entered into by and between EEOC and Defendants in the United States District Court for the Northern District of Texas, Dallas Division, with regard to EEOC's Complaint filed in this matter. EEOC and Defendants agree to compromise and settle the differences embodied in the Complaint filed by EEOC and intend that the terms and conditions of the compromise and settlement be set forth in this Consent Decree ("Consent Decree"). This Consent Decree is not an adjudication or finding on the merits of this case and shall not be

**Consent Decree Judgment – Page 1**

construed in any respect as an admission by Defendants of a violation of Title VII of the Civil Rights Act of 1964, as amended.

1. This Consent Decree resolves all issues raised in EEOC Charge Nos. 450-2017-00738, 450-2017-00841, and 450-2017-00843 (the "Charges"). EEOC waives further claims and litigation on all issues raised, or which could have been raised, in the above-referenced Charges and Complaint. EEOC does not waive processing or litigating Charges other than the above-referenced Charges.

2. During the term of this Consent Decree, Defendants are enjoined from any illegal employment practice that discriminates on the basis of national origin with respect to recruitment, placement, hiring, termination, or any other employment action. The terms of this Consent Decree shall be binding upon Defendants, their agents, officers, employees, successors, and assigns including but not limited to Savage Mullins LLC.

3. Defendants agree to formulate and to distribute to each employee its Employee Handbook, which includes its policy on the subject of employment discrimination under Title VII of the Civil Rights Act of 1964. Defendants agree to provide a copy of the Employee Handbook to any new employee upon hire. Defendants agree to provide the Employee Handbook to employees within 60 days of the effective date of this Consent Decree. Defendants will report to EEOC that they have complied with this requirement within 14 days after distributing the Employee Handbook.

4. Defendants agree to distribute the Notice appended hereto as "Attachment A" to all employees within thirty days from the effective date of this Agreement or, for new employees, within ten days from their first day of employment with Defendants. Defendants also will post Attachment A where employment notices are generally posted in their facilities in Richardson.

**Consent Decree Judgment – Page 2**

Defendants will report to EEOC that they have complied with this requirement within 14 days after posting the Notice. The Notices shall remain posted during the term of this Consent Decree.

5. For each year that the Consent Decree is in effect, Defendants agree on or before June 1 of each year to provide training to all office employees including the owner, Chief Operating Officer, and maintenance Crew Chiefs, advising them of the requirements and prohibitions of Title VII of the Civil Rights Act of 1964. This training shall include the subjects: a.) what constitutes national origin harassment; b.) how to prevent national origin harassment; c.) how to provide a work environment free from national origin harassment; d.) and to whom and by what means employees may complain if they feel they have been subjected to national origin harassment in the workplace. The training shall be conducted in a session of no less than one (1) hour and may be conducted independently or as part of a broader employment related training program. All materials used in conjunction with the training will be forwarded to EEOC. Within twenty (20) days following the training, Defendants will submit to EEOC confirmation that the training was conducted and a list of attendees.

6. Defendants and its successors shall advise all managers, and supervisors of their duty to actively monitor their worksites to ensure employees' compliance with the company's policy against discrimination on the basis of national origin, and to report any incidents and/or complaints of discrimination, on the basis of national origin, of which they become aware to the persons charged with handling such complaints, provided that such persons are not the individuals alleged to have perpetrated such discrimination.

7. Defendants represent that to the best of their knowledge they have no personnel files for Claudia Guardiola, Leticia Stewart and/or Linda Spears. Defendants further agree that any and all documents, entries and references relating to the matters underlying the issues leading to the underlying Charges of Discrimination and this lawsuit have been removed from Defendants'

facilities, and to the extent found subsequently, will be removed. Provided, however, Defendants' attorneys may retain a copy of such files and records as part of the attorneys' files.

8. Defendants agree to prohibit any dissemination, directly or indirectly, to any other prospective employer, any of the facts or circumstances relating to the filing and resolution of these charges. If contacted for a reference for Claudia Guardiola, Leticia Stewart, or Linda Spears, Defendants agree to refer those requests to the Human Resources professional and to provide only the dates of employment and last position held.

9. Defendants agree to pay to the total amount of $85,000, for all damages in this case. Within 10 days after the effective date of this Consent Decree, EEOC will provide Defendants with the amounts to be paid to Claudia Guardiola, Leticia Stewart and Linda Spears and the addresses for each check to be sent within 30 days of receipt of this information from EEOC. A 1099 shall issue for each settlement amount paid. Defendants agree to report to EEOC within 30 days of entry of this Consent Decree. A copy of the checks will be sent to Suzanne M. Anderson, EEOC, 207 South Houston Street, Third Floor, Dallas, Texas 75202.

10. The individual who should receive the copy of the Form 1098-F if the EEOC is required to issue one is Scott Belsley, P.O. Box 851025, Richardson, Texas 7508501025. The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC. The Parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

11. Neither EEOC nor Defendants shall contest the validity of this Consent Decree nor the jurisdiction of the federal district court to enforce this Consent Decree and its terms or the right of either party to the Consent Decree to bring an enforcement action upon breach of any term of this Consent Decree by either party. Prior to taking enforcement action under this Consent Decree, EEOC will notify Defendants of a breach of the Consent Decree and will provide Defendants with 15 business days to respond and 20 business days to cure. Nothing in this Decree shall be construed to preclude EEOC from enforcing this Decree in the event that Defendants fail to perform the promises and representations contained herein. EEOC shall be authorized to seek compliance with the Consent Decree through civil action in the United States District Court. EEOC also reserves the right to seek sanctions for non-payment and non-compliance with this Court Order.

12. All reports to EEOC required by this Decree shall be sent to Suzanne Anderson, Assistant Regional Attorney, EEOC, 207 South Houston Street, Third Floor, Dallas, Texas 75202.

13. The parties agree to bear their own costs associated with this action, including attorney's fees.

14. The term of this Consent Decree shall be for three (3) years.

15. The court retains jurisdiction to enforce this Consent Decree for a period of three years after it is entered by the clerk of court.

16. The court **directs** the clerk of court to **close** this action.

**It is so ordered, adjudged, and decreed** this 5th day of April, 2023.

_____
Sam A. Lindsay
United States District Judge

**ATTACHMENT A**

# NOTICE TO ALL EMPLOYEES

**This NOTICE will be conspicuously posted for a period of three (3) years at all places where employment notices are posted. It must not be altered, defaced, or covered by any other material.**

**POLICY:** Discrimination of any kind can and often will detract from employees' job performance, discourage employees from remaining on the job, keep employees from advancing in their careers and lower overall employee morale and productivity. It is the policy of Alden Short Inc. and Hinson Jennings that discrimination is unacceptable and will not be condoned. **This is a zero-tolerance policy.**

**PURPOSE:** It is the purpose of this policy to reaffirm and amplify the position of Title VII of the Civil Rights Act of 1964, as amended, and the Equal Employment Opportunity Commission's guidelines on harassment and to reiterate Alden Short Inc.'s and Hinson Jennings LLC's policy on harassment.

**SCOPE**: This policy extends to all employees, management and non-management, of Alden Short, Hinson Jennings, and successor entities like Savage Mullins LLC.

**DEFINITION:** Discrimination occurs when an employment decision is made based on a person's race, national origin, gender, color, religion, age or disability rather than on legitimate factors. Harassment is a form of discrimination and includes unwelcome conduct that is based on race, color, sex, religion, national origin, disability, and/or age. Harassment becomes unlawful where 1) enduring the offensive conduct becomes a condition of continued employment, or 2) the conduct is severe or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile, or abusive. Offensive conduct may include, but is not limited to, offensive jokes, slurs, epithets or name calling, physical assaults or threats, intimidation, ridicule or mockery, insults or put-downs, offensive objects or pictures, and interference with work performance.

**RESPONSIBILITY:** Each level of management is responsible for ensuring that all personnel policies, procedure, and activities are in full compliance with applicable federal, state, and local equal employment laws, statute, rules, and regulations regarding discrimination and retaliation. Employees are expected to

read, understand, and follow the policies that Alden Short and Hinson Jennings have established to prevent discrimination and retaliation.

**REPORTING PROCEDURES:** Any employee who believes that he or she has been subjected to discrimination is expected to report the conduct as soon as possible to either that person's immediate supervisor, any supervisor or manager with Alden Short or Hinson Jennings or to the Human Resources professional _____, who may be contacted at _____ or by telephone at _____. Supervisors and managers who are informed of an alleged incident of discrimination, including harassment, must immediately notify the Human Resources Department.

### Equal Employment Opportunity Commission

A person either, alternatively or in addition to reporting such an allegation to company officials, may contact the U.S. Equal Employment Opportunity Commission for the purposes of filing a charge of employment discrimination. The address and telephone number of the U.S. EEOC office is 207 South Houston, Dallas, Texas 75202; (800) 669-4000. Information about your rights and how to file a charge is available on the Internet at www.eeoc.gov.

**INVESTIGATION OF COMPLAINTS**: A complete investigation of each complaint will be undertaken immediately by Alden Short or Hinson Jennings. The investigation may include interviews, inspection of documents, including personnel records, and full inspection of the premises.

**PUNISHMENT FOR VIOLATION:** Employees engaged in discriminatory conduct, including supervisors and managers, can expect serious disciplinary action. After appropriate investigation, any employee, whether management or non-management, who has been found to have discriminated against another employee will be subject to appropriate sanctions, depending on the circumstances, from a written warning in his or her personnel file up to and including termination of employment.

**RETALIATION:** There shall be no retaliation against any employee because that person has opposed what they believe to be unlawful employment practices, or has filed a charge of discrimination, or has given testimony, assistance, or has participated in any manner in any investigation, proceeding or hearing under Title VII of the Civil Rights Act of 1964. Alden Short and Hinson Jennings will not punish you for reporting discrimination simply because you have made a complaint under the above guidelines.

**PROTECTION OF PRIVACY:** The question of whether a particular action or incident constitutes discrimination requires a determination based on all available facts. Alden Short and Hinson Jennings will therefore make a

concerted effort to protect the privacy of all personnel. Confidential information will be shared on a need-to-know basis to complete the investigation and to deal appropriately with the situation.

**EXCEPTIONS:** There are no exceptions to this policy.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE REMOVED OR DEFACED BY ANYONE. THIS NOTICE WILL BE POSTED FOR A PERIOD OF THREE (3) YEARS.**

Signed this _____ day of _____, 2023.

_____  _____
Date                                              On Behalf of:
                                                          Alden Short and Hinson Jennings

Page -10-